IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAPC LLC, | Case No.: C12-4947 JSC |
| Plaintiff, | **ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED** |
| v. | |
| JASON S. GREEN, et al., | |
| Defendants. | |

Defendants, proceeding pro se, removed this unlawful detainer action to federal court on September 21, 2012, alleging that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441. (Dkt. No. 1.) Plaintiff moves to remand this action (Dkt. No. 4) and petitions the Court to decide its motion on shortened time (Dkt. No. 6). The Court has an independent obligation to satisfy itself that it has federal subject matter jurisdiction whenever a case is removed to federal court. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). The Court has reviewed the Notice of Removal and determined that federal question jurisdiction does not exist.

Defendants, as the party seeking removal to federal court, bear the burden of establishing that subject matter jurisdiction exists, and courts strictly construe the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566-67 (9th Cir. 1992). Here, Defendants contend that the Court has jurisdiction because Plaintiff's Notice

1  to Occupants to Vacate Premises did not comply with 12 U.S.C. §5220. (Dkt. No. 1.) While
2  Defendants might assert violations of federal notice requirements as a *defense* or even a
3  counterclaim in this action, a case cannot be removed to federal court on this basis. *See*
4  *Bank of New York Mellon v. Germanelo*, 2012 WL 1536543 *2 (N.D. Cal. Apr. 30, 2012).

5      For removal to be proper under federal question jurisdiction, a federal question
6  must appear "on the face of a well-pleaded complaint." *ING Bank, FSB v. Pineda*, 2012 WL
7  2077311 *1 (N.D. Cal. June 8, 2012). The removed complaint, however, makes only a state-
8  law claim for unlawful detainer. (Dkt. No. 1 at 7.)  Therefore, this Court does not have
9  federal question jurisdiction. *ING Bank, FSB,* 2012 WL 2077311 at *1.

10      Accordingly, Defendants are ordered to show cause why this case should not be
11  remanded to the Contra Costa County Superior Court and why, pursuant to 28 U.S.C. §
12  1447(c), they should not be required to pay Plaintiff's fees and costs based on the
13  improper removal of this action. In particular, if Defendants believe that this Court has
14  subject matter jurisdiction, and/or that they should not pay fees or costs, then Defendants
15  shall file a response in writing by **October 4, 2012** that demonstrates how this Court has
16  federal jurisdiction as alleged. Failure to respond by that date may result in remand.
17  Defendants may also discharge this Order to Show Cause by withdrawing the Notice of
18  Removal if, upon reflection, Defendants no longer contend that this Court has jurisdiction.

20      **IT IS SO ORDERED.**

22  Dated:   September 26, 2012         _____
23                                      JACQUELINE SCOTT CORLEY
                                        UNITED STATES MAGISTRATE JUDGE